**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CAPE COD HOSPITAL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 07-1883 (RCL) |
| | ) | |
| MICHAEL O. LEAVITT, Secretary of | ) | **ECF** |
| Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION TO DISMISS AND REMAND**

Defendant, Michael O. Leavitt, Secretary of Health and Human Services ("the Secretary"), respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss this matter and remand it to the Secretary for further administrative proceedings.  In support of the instant motion, Defendant states as follows:

1.  The substance of this action involves a challenge by Plaintiffs to certain policies regarding the so-called rural floor budget neutrality adjustment to the wage index component of the Medicare prospective payment rates that determine Medicare payments to Plaintiffs for the costs of furnishing inpatient hospital services to Medicare beneficiaries.  See Pls.' First Am. Comp. for Declaratory & Injunctive Relief & for Sums Due Under the Medicare Act ("Complaint") at ¶¶ 40-82.  However, the Secretary's Provider Reimbursement Review Board ("PRRB"), a statutorily created administrative tribunal within the Department of Health and Human Services that hears Medicare provider reimbursement disputes, see 42 U.S.C. § 1395oo(f)(1), has never reached the merits of Plaintiffs' challenge.  Rather, in three separate decisions, the PRRB ruled that review of Plaintiffs' challenge to the contested rural floor budget neutrality adjustment policies was precluded by the Secretary's regulation found at 42 C.F.R. §

405.1804(a).[1]/  Complaint at ¶¶ 103-118.  As a result, this action represents Plaintiffs' request

that the Court review the PRRB's jurisdictional decisions denying review of Plaintiffs' claims.

See, e.g., Complaint at ¶ 118 (Plaintiff "hospitals timely challenged the [PRRB's] November 28,

2007 determination" denying jurisdiction).

    2.  The Court's subject matter jurisdiction in this action is premised solely on 42 U.S.C.

§ 1395oo(f)(1), which provides for judicial review of final Medicare reimbursement decisions by

the Secretary under the standards of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701

et seq.  See Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. , 19-201 (2000); Heckler

v. Ringer, 466 U.S. 602, 614-15 (1984).

    3.  The Secretary's response to the Complaint is currently due on January 28, 2008.

Having reviewed the record in preparation for responding to the Complaint, the Secretary has

concluded that the PRRB decisions under review are erroneous, essentially for the reasons stated

at paragraphs 86-97 of the Complaint.

    4.  Under the Medicare statute, only final decisions by the Secretary are subject to

judicial review.  42 U.S.C. § 1395oo(f)(1).  See Ringer, 466 U.S. at 605 ("Judicial review of

claims arising under the Medicare Act is available only after the Secretary renders a 'final

decision' on the claim, in the same manner as is provided in 42 U.S.C. § 405(g) . . . ."); see also

Nat'l Kidney Patients Ass'n v. Sullivan, 958 F.2d 1127, 1130 (D.C. Cir. 1992); Westchester

Mgmt. Corp. v. U.S. Dep't of Health & Human Servs., 948 F.2d 279, 281 (6th Cir. 1991).  It

bears emphasis that the "final decision" requirement in 42 U.S.C. § 1395oo(f)(1) is a "statutorily

specified jurisdictional prerequisite," not "simply a codification of the judicially developed

_____

[1]/ The PRRB's decisions are attached hereto as Exhibit 1.

2

doctrine of exhaustion." Weinberger v. Salfi, 422 U.S. 749, 766 (1975).

5.  The PRRB's determinations here that it does not have jurisdiction are final decisions that this Court may review pursuant to 42 U.S.C. § 1395oo(f)(1). See Saline Cmty. Hosp. Ass'n v. Sec'y, HHS, 744 F.2d 517, 520 (6th Cir. 1984) ("Saline"); see also Athens Cmty. Hosp., Inc. v. Schweiker, 686 F.2d 989, 992 (D.C. Cir. 1982) (district court has jurisdiction to review a decision by the PRRB that it lacks jurisdiction to review a determination of the intermediary).  It is well settled, however, that the scope of this Court's review cannot "extend beyond the Board's conclusion that it lack[s] jurisdiction." Saline, 744 F.2d at 520.  The Court can rule "only on whether the Board's jurisdictional decision was correct." Id.  Thus, if the Court finds that the Board's decision was incorrect, the case must be remanded to the Secretary for further proceedings not inconsistent with the Court's actions.  See Bethesda Hosp. Ass'n v. Bowen, 485 U.S. 399, 402 (1988) ("We are not concerned here with the merits . . . ; rather, we must decide whether the Board had jurisdiction to consider the issue."); Good Samaritan Hosp. Regional Med. Ctr. v. Shalala, 85 F.3d 1057, 1062 (2nd Cir. 1996) ("because the only final decision reached by the PRRB was that it lacked jurisdiction . . . the district court was limited to reviewing this decision and did not have jurisdiction to review the merits . . . ."); Tucson Med. Ctr. v. Heckler, 611 F. Supp. 823, 825, 827 (D.D.C. 1985) (noting that, "[d]espite the strict limits on judicial review of Medicare reimbursement decisions, plaintiffs prevail on this issue because they seek review only of the jurisdiction decision, not of the substantive claims to be argued before the PRRB," and remanding to the Board for further proceedings), aff'd Wash. Hosp. Ctr. v. Bowen, 795 F.2d 139 (D.C. Cir. 1986); Univ. of Cincinnati v. Shalala, 891 F.Supp. 1262, 1269 (S.D. Ohio 1995) ("Although the court has subject matter jurisdiction, its scope of review

3

is, nonetheless, limited to addressing the specific and sole question whether the PRRB's decision denying jurisdiction was proper under the applicable law.").

6.    The holdings in the foregoing cases are consistent with the well-established principle of administrative law that in an APA record review case such as this one, where an error of law has been corrected by a reviewing court and the only questions remaining have not yet been considered by the agency, the appropriate action is to remand to the agency so that it may exercise its authority.  Presbyterian Hosp. of Dallas v. Harris, 638 F.2d 1381, 1399 (5th Cir. 1981); see also Fed. Power Comm'n v. Idaho Power Comm'n, 344 U.S. 17, 20 (1952) ("[T]he function of the reviewing court ends when an error of law has been laid bare.  At that point the matter once more goes to the agency for reconsideration."); Co. of Los Angeles v. Shalala, 192 F.3d 1005, 1023 (D.C. Cir. 1999) (where the record does not support the agency action, the proper course of action except in rare circumstances is to remand to the agency for additional investigation or explanation); Anaheim Mem'l Hosp. v. Shalala, 130 F.3d 845, 853 (9th Cir. 1997) (where the PRRB does not resolve a particular issue there is no final agency decision on that issue, and thus no jurisdiction to review that claim).

7.    There is no longer any dispute in this matter regarding the lawfulness of the only issue the PRRB decided here, namely, the reviewability of Plaintiffs' appeals under section 405.1804(a).  Therefore, pursuant to the authorities cited above, the proper course is to remand the case to the agency for further proceedings.  Specifically, the Court should instruct the agency to reconsider Plaintiffs' PRRB appeals without applying section 405.1803(a) to preclude review.  Such reconsideration might include the development of additional jurisdictional issues, if any; consideration of Plaintiffs' requests for expedited judicial review ("EJR") pursuant to 42 U.S.C.

4

§ 1395oo(f)(1), 42 C.F.R. § 405.1842; and/or further proceedings on the merits.

8.   Counsel for Plaintiffs has indicated to counsel for the Secretary that he intends to oppose the instant motion.  Plaintiffs may attempt to argue in opposition that the Court can assume jurisdiction over the merits of this case because the PRRB failed to act on Plaintiffs' request for EJR within the 30 day time limit contained in 42 C.F.R. § 405.1842(b)(1).  See Complaint at ¶ 120.  In addition to being contrary to the authority cited above (which makes clear that this Court's subject matter jurisdiction extends only to review of the PRRB's jurisdictional decisions), such an argument is also contrary to the EJR regulations themselves. Those regulations at 42 C.F.R. § 405.1842(b)(3) explicitly state that the 30 days within which the PRRB must act on an EJR request do not begin to run "until such time as the [PRRB] accepts jurisdiction of the case."  See Tuscon Med. Ctr. v. Sullivan, 947 F.2d 971, 980 (D.C. Cir. 1991) (the PRRB has authority to grant expedited review only after it first determines that it has jurisdiction to offer the provider a hearing on its appeal); San Francisco Gen. Hosp. v. Shalala, No. 00-0595, 2000 WL 1721082 at *4 (N.D. Cal. Oct. 2, 2000) (the PRRB "must have jurisdiction over the provider's appeal before it can rule on the provider's request for EJR"); Alexandria Hosp. v. Bowen, 631 F.Supp. 1237, 1245 (W.D. Va. 1986) ("a jurisdictional determination of the hospitals' appeal was necessary before the PRRB could . . . evaluate their EJR request")  Here the PRRB never accepted jurisdiction of Plaintiffs' appeals, and thus the 30 day period never began to run.

For the foregoing reasons, the Secretary respectfully requests that his Motion to Dismiss and Remand be granted.

A proposed Order is attached.

Respectfully submitted,


 /s/
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610


 /s/
CHRISTOPHER HARWOOD
Assistant United States Attorney
D.C. Bar No. 4202982
Judiciary Center Building
555 4th St., N.W., Room
Washington, D.C. 20530
(202) 307-0372


 /s/
LAWRENCE J. HARDER
Supervisory Trial Attorney
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
Room C2-05-23
7500 Security Boulevard
Baltimore, Maryland 21244-1850
(410) 786-8080

OF COUNSEL:

JAMES C. STANSEL
General Counsel
CAROL J. BENNETT
Acting Associate General Counsel
MARK D. POLSTON
Deputy Associate General
  Counsel for Litigation
United States Department of
Health and Human Services

6



**DEPARTMEN( )F HEALTH AND HUMAN SERVI( )**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671              FAX: 410-786-5298

Suzanne Cochran, Esq., Chairperson
Gary B. Blodgett, D.D.S.
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes

Refer to:

07-0705G, 07-0729G
CERTIFIED MAIL

AUG 2 4 2007

Christopher L. Keough, Esq.
Vinson & Elkins
The Willard Office Building
1455 Pennsylvania Avenue, NW
Suite 600
Washington, D.C. 20004-1008

RE: Cape Cod HC 2007 Wage Index/Rural Floor Group, Provider Nos. Various, Federal
    Fiscal Year Ending (FFYE) 9/30/2007, PRRB Case No. 07-0705G

    Medisys Network 2007 Wage Index/Rural Floor Group, Provider Nos. Various,
    FFYE 9/30/2007, PRRB Case No. 07-0729G

Dear Mr. Keough:

The Provider Reimbursement Review Board (Board) has reviewed the Providers' July 27,
2007 requests for expedited judicial review in the above-referenced appeals. The
decision of the Board is set forth below.

## Background

### Issue Under Dispute

The Providers are challenging the Secretary's calculation and application of the budget
neutrality adjustment to rates for the operating costs under the inpatient prospective
payment system (IPPS). Specifically, the Providers are challenging the budget neutrality
adjustment to the standardized amount that accounts for the effects of the rural floor on
the PPS wage index. The Providers contend that the Centers for Medicare & Medicaid
Services (CMS) erred in calculating a budget neutrality adjustment to the PPS
standardized amount to account for the effect of the rural floor on the wage index.

### Standardized Amount

The statute, 42 U.S.C. § 1395ww(d)(2)(A), required the establishment of base-year cost
data containing allowable operating costs per discharge of inpatient hospital services for
each hospital. The base-year cost data were used in the initial development of the

1S3

Provider Reimbursement Review Board
Page 2 Christopher Keough

CN07-0705G/07-0729G

standardized amounts for PPS and they were used in computing the Federal rates. The standardized amounts are based on per discharge averages from a base period and are updated in accordance with 42 U.S.C. §1395ww(d). Sections 1395ww(d)(2)(C) and (d)(2)(B)(ii) require that updated base-year per discharge costs be standardized in order to remove the cost data that effects certain sources of variation in costs among hospitals. These include case mix, differences in area wage levels, cost of living adjustments for Alaska and Hawaii, indirect medical education costs, and payments to disproportionate share hospitals. 59 Fed. Reg. 27433, 27765-27766 (May 27, 1994).

Section 1395(d)(3)(E) of the Act requires the Secretary from time-to-time to estimate the proportion of the hospitals' costs that are attributable to wages and wage-related costs. In general, the standardized amount is divided into labor-related and nonlabor-related amounts; only the proportion considered the labor related amount is adjusted by the wage index. Section 1395ww(d)(3)(E) requires that 62% of the standardized amount be adjusted by the wage index unless doing so would result in lower payments to a hospital than would otherwise be made. 71 Fed. Reg. 47870, 48146 (August 18, 2006).

Budget Neutrality

Budget neutrality is determined by comparing aggregate IPPS payments before and after making changes that are required to be budget neutral (i.e., reclassifying and recalibrating diagnostic related groups (DRGs)). Outlier calculations are also included in the simulations. Id. at 48147.

Rural Floor

Section 4410 of the Balanced Budget Act of 1997 (BBA of 1997) established the rural floor by requiring that the wage index of a hospital in any urban area cannot be less than the wage index determined for the State's rural area. Since 1998 CMS has implemented the budget neutrality requirement of this provision by adjusting the standardized amounts. 72 Fed. Reg. 24680, 24787 (May 3, 2007).

The Providers' Request for EJR

The Providers contend that CMS erred in calculating a budget neutrality adjustment to the PPS standardized amount to account for the effect of the rural floor on the wage index. The result is a systematic understatement of the PPS rates. The Providers allege that the final 2007 PPS rates were understated as the result of (1) a computational error in the calculation of the budget neutrality adjustment for the effects of the rural floor in FFY 2007 itself and (2) as a result of the cumulative effect of the same error in the prior calculations of budget neutrality adjustments for the effect of the rural floor in prior fiscal years. Instead of achieving the budget neutrality required by law, the PPS payment reductions for FFY 2007 exceed the Secretary's statutory authority, are arbitrary and capricious and otherwise contrary to the law. The Providers are seeking a revision of the

Provider Reimbursement Review Board
Page 3 Christopher Keough

CN07-0705G/07-0729G

standardized amount for the FFY 2007 and payment of additional sums due for Medicare discharges during FFY 2007.

The Providers point out that in establishing the PPS rate for FFY 2007 and for prior years, CMS used a payment simulation model to determine each year's budget neutrality adjustment to the standardized amount to account for the effect of the rural floor. In the FFY 2007 rule, CMS described the simulation model and its calculation of the resulting budget neutrality adjustment as follows:

> [W]e used the FY 2005 discharge data to simulate payments and compared aggregate payments using the FY 2006 relative weights and wage indexes to aggregate payments using the FY 2007 relative weights and wage indexes. The same methodology was used for the FY 2006 budget neutrality adjustment.

> . . . These budget neutrality adjustment factors are applied to the standardized amounts without removing the effects of the 2006 budget neutrality adjustments.[1]

The Providers acknowledge that 42 C.F.R. § 405.1804 precludes administrative and judicial review over budget neutrality adjustments and that similar limitations on administrative and judicial review are also reflected in the statute at 42 U.S.C. § 1395ww(d)(7). The Providers argue, however, that these limitations are not applicable because the budget neutrality provisions at issue were enacted with the BBA of 1997, decades after the enactment of 42 C.F.R. § 405.1804. Because the rural floor budget neutrality provision is not contained or addressed in 42 U.S.C. § 1395ww(e)(1) and has not been codified elsewhere, the Providers reason that preclusion of review of budget neutrality provisions should be limited to fiscal years 1984 and 1985.

Decision of the Board

The Board majority concludes that it lacks jurisdiction over the appeal because review of budget neutrality adjustments is precluded by the statute and regulations. 42 U.S.C. § 1395ww(d)(7); 42 U.S.C.§1395oo(g)(2); 42 C.F.R. § 405.1804. Since jurisdiction over an appeal is a prerequisite to granting a request for EJR, the Providers' request for EJR is hereby DENIED.

Payment under the prospective payment system is governed by the statutory provisions of 42 U.S.C. § 1395ww. Subsection (d)(7) states that:

---

[1] Providers' Request for EJR at 4 quoting 71 Fed. Reg. at 48147 (August 18, 2006).

Provider Reimbursement Review Board
Page 4 Christopher Keough

CN07-0705G/07-0729G

>There shall be no administrative or judicial review under [42 U.S.C. § 1395oo] or otherwise of—
>
>>(A) the determination of the requirement, or proportional amount of any adjustment effective pursuant to subsection (e)(1) [budget neutrality] or the determination of the applicable percentage increase under paragraph (12)(A)(iii)

The Board's governing statute, 42 U.S.C. § 1395oo(g)(2), states that:

>The determination and other decisions described in section 1395ww(d)(7) shall not be reviewed by the Board or any court pursuant to action brought under section (f) or otherwise.

The regulation at 42 C.F.R. § 405.1804 provides:

>Neither administrative nor judicial review is available for controversies about the following matters:
>
>>(a) The determination of the requirement or the proportional amount of any budget neutrality adjustment in the prospective payment rates.
>>
>>(b) The establishment of—
>>
>>>(1) Diagnosis related groups (DRGs);
>>>
>>>(2) The methodology for the classification of inpatient discharges within the DRGs; or
>>>
>>>(3) Appropriate weighting factors that reflect the relative hospital resources used with respect to discharge within each DRG.

In addition, section 701(a) of the Administrative Procedure Act (APA) states that the appeal provisions of the APA apply to the administrative actions except where statutes preclude judicial review. See, 5 U.S.C. § 701(a). In this case, the statutes and the regulations both preclude administrative and judicial review of the budget neutrality adjustment.

Provider Reimbursement Review Board
Page 5 Christopher Keough

CN07-0705G/07-0729G

In <u>Amgen, Inc. v. CMS</u>[2] the D.C. Circuit Court considered whether there is jurisdiction over outpatient PPS (OPPS) payments where the statute precludes administrative or judicial review of the "other adjustments" to OPPS (the classification system, establishment of groups and relative payment weights for covered services, of wage adjustment factors). The Court explained that there is a strong presumption that Congress intends judicial review of administrative action which can only be overcome with "clear and convincing evidence" that Congress intended to preclude appeal. The Court concluded that where the statute stipulated that "there should be no administrative or judicial review," that language constituted clear and convincing evidence that appeal was precluded. The Court further noted that payments made under PPS are done on a prospective basis and, given the length of time that review of individual appeals could take, the result would be retroactive adjustments to payment rates with the potential of creating havoc with the payment system. The aggregate impact of appeal decisions would undermine the Secretary's ability to ensure budget neutrality.

In an earlier decision, <u>Universal Health Systems v. Sullivan</u>,[3] (UHS) the D. C. District Court distinguished between an appeal of a Medicare Geographic Classification Review Board (MGCRB) decision (over which judicial review is precluded) and a challenge to the validity of the guidelines utilized by the Board and the Secretary to make reclassification decision. The Court noted that § 701(a) of the APA precludes judicial review where a statute or regulation denies review. In the UHS case, the Court found that it had jurisdiction over the challenge to the guidelines but would not have had jurisdiction over an appeal of an MGCRB decision which was precluded by law.

The Board majority is not persuaded by the Providers' argument that preclusion of review of budget neutrality provisions is limited to the fiscal years 1984 and 1985. Even though the rural floor budget neutrality provision was not specifically addressed in the limits on administrative and judicial review, we find that there is no indication that the statute limited judicial or administrative appeals to the two fiscal periods identified by the Providers. Rather, by enacting the statutes and regulations without alteration, the intent to preclude administrative or judicial appeal of the calculation of the budget neutrality adjustment is clear.

42 U.S.C. § 1395oo(f)(1) and 42 C.F.R. § 405.1842 permit providers to bypass the Board's hearing procedure and obtain judicial review of an issue involving a question of law or regulation where the Board determines that it is without authority to decide such question. Prior to rendering a decision that it lacks the authority to decide the question before it the Board must determine that it has jurisdiction over the appeal under 42 U.S.C. § 1395oo. 42 C.F.R. § 1842(b)(2). Since both the statutes and regulation preclude administrative and judicial review of the budget neutrality adjustment, the Board finds that it lacks jurisdiction over the appeals.

---

[2] 357 F. 3d 103 (D.C. Cir. 2004)
[3] 770 F. Supp. 704 (D.C. Dist. 1991)

187

Provider Reimbursement Review Board
Page 6 Christopher Keough                              CN07-0705G/07-0729G


Review of the Board's jurisdictional determination is available under the provisions of 42
U.S.C. § 1395oo(f) and 42 C.F.R. §§ 405.1875 and 405.1877.

Board Members Participating

       Suzanne Cochran, Esq.
       Elaine Crews Powell, CPA
       Anjali Mulchandani-West
       Yvette C. Hayes


                FOR THE BOARD:

                Suzanne Cochran, Esq.
                Chairman


Enclosures: 42 U.S.C. § 1395oo(1) and 42 C.F.R. §§ 405.1875 and 405.1877

cc: George Porette, NGS (NY)
    Christine Blowers, NGS (ME)
    Wilson Leong, BCBSA



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671          FAX: 410-786-5298
Internet: www.cms.hhs.gov/PRRBReview

Suzanne Cochran, Esq., Chairperson
Elaine Crews Powell, CPA
Anjali Mulchandani-West
Yvette C. Hayes
Michael D, Richards

Refer to:

07-2562G
CERTIFIED MAIL

SEP 1 2 2007

Christopher L. Keough, Esq.
Vinson & Elkins
The Willard Office Building
1455 Pennsylvania Avenue, NW
Suite 600
Washington, D.C. 20004-1008

RE: Cape Cod HC 2008 Wage Index/Rural Floor Group, Provider Nos. Various,  Federal
    Fiscal Year Ending (FFYE) 9/30/2007, PRRB Case No. 07-2562G

Dear Mr. Keough:

The Provider Reimbursement Review Board (Board) has reviewed the Providers' August
15, 2007 request for expedited judicial review in the above-referenced appeal.  The
decision of the Board is set forth below.

## **Background**

### Issue  Under Dispute

The Providers are challenging the Secretary's calculation and application of the budget
neutrality adjustment to rates for the operating costs under the inpatient  prospective
payment system (IPPS).  Specifically, the Providers are challenging the budget neutrality
adjustment to the wage index and the cumulative effect of the adjustment to the
standardized amount in previous years that accounts for the effects of the rural floor on
the PPS wage index.  The Providers contend that the Centers for Medicare & Medicaid
Services (CMS) erred in calculating a budget neutrality adjustment to the PPS wage
index and in previous years to the standardized amount to account for the effect of the
rural floor on the wage index.

### Standardized Amount

The statute, 42 U.S.C. § 1395ww(d)(2)(A), required the establishment of base-year cost
data containing allowable operating costs per discharge of inpatient hospital services for
each hospital.  The base-year cost data were used in the initial development of the
standardized amounts for PPS and they were used in computing the Federal rates.  The
standardized amounts are based on per discharge averages from a base period and are

1

Provider Reimbursement Review Board
Page 2 Christopher Keough

CN07-2562G

updated in accordance with 42 U.S.C. §1395ww(d). Sections 1395ww(d)(2)(C) and (d)(2)(B)(ii) require that updated base-year per discharge costs be standardized in order to remove the cost data that effects certain sources of variation in costs among hospitals. These include case mix, differences in area wage levels, cost of living adjustments for Alaska and Hawaii, indirect medical education costs, and payments to disproportionate share hospitals. 59 Fed. Reg. 27433, 27765-27766 (May 27, 1994).

Section 1395(d)(3)(E) of the Act requires the Secretary from time-to-time to estimate the proportion of the hospitals' costs that are attributable to wages and wage-related costs. In general, the standardized amount is divided into labor-related and nonlabor-related amounts; only the proportion considered the labor related amount is adjusted by the wage index. Section 1395ww(d)(3)(E) requires that 62% of the standardized amount be adjusted by the wage index unless doing so would result in lower payments to a hospital than would otherwise be made. 71 Fed. Reg. 47870, 48146 (August 18, 2006).

Budget Neutrality

Budget neutrality is determined by comparing aggregate IPPS payments before and after making changes that are required to be budget neutral (i.e., reclassifying and recalibrating diagnostic related groups (DRGs)). Outlier calculations are also included in the simulations. Id. at 48147.

Rural Floor

Section 4410 of the Balanced Budget Act of 1997 (BBA of 1997) established the rural floor by requiring that the wage index of a hospital in any urban area cannot be less than the wage index determined for the State's rural area. Since 1998 CMS has implemented the budget neutrality requirement of this provision by adjusting the standardized amounts. 72 Fed. Reg. 24680, 24787 (May 3, 2007). For FFY 2008 CMS applied the budget neutrality adjustment to the wage index, rather than the standardize amount.[1]

The Providers' Request for EJR

The Providers contend that CMS erred in calculating a budget neutrality adjustment to the PPS standardized amount to account for the effect of the rural floor on the wage index. The result is a systematic understatement of the PPS rates. The Providers allege that the final 2008 PPS rates were understated as the result of (1) a computational error in the calculation of the budget neutrality adjustment for the effects of the rural floor in FFY 2008 itself and (2) as a result of the cumulative effect of the same error in the prior calculations of budget neutrality adjustments for the effect of the rural floor in prior fiscal years (in which the budget neutrality adjustment was applied to the standardized amount). Instead of achieving the budget neutrality required by law, the PPS payment reductions

---

[1] 72 Fed. Reg. 47130, 47329 (August 22, 2007). See also, Providers' EJR Request, Exhibit 1, pre-publication copy of Federal Register

2

Provider Reimbursement Review Board
Page 3 Christopher Keough

CN07-2562G

for FFY 2008 exceed the Secretary's statutory authority, are arbitrary and capricious and otherwise contrary to the law. The Providers are seeking a revision of the wage index for the FFY 2008 and payment of additional sums due for Medicare discharges during FFY 2007.

The Providers point out that in establishing the PPS rate for FFY 2008 CMS applied the budget neutrality adjustment to the wage index rather than to the standardized amount as it had done in previous years. In the FFY 2008 rule CMS stated that:

> . . . our change applies the budget neutrality adjustment to the wage index, and not to the standardized amount. In previous years we applied a budget neutrality adjustment to the standardized amount to ensure that payments remained constant to payments that would have occurred in the absence of the rural floor requirement in section 4410 of the BBA. . . . We believe that an adjustment to the wage index would result in a substantially similar payment as an adjustment to the standardized amount, as both involve multipliers to the standardized amount and both would be based upon the same modeling parameters.[2]

CMS responded to providers concerns regarding the cumulative effect of the budget neutrality adjustment in the final inpatient PPS rule by stating that

> the rural floor budget neutrality adjustment previously was a cumulative adjustment, similar to the adjustments we currently make for updates to the wage index and DRG [diagnostic related groups] reclassification and recalibration. Beginning in 2008, the rural floor budget neutrality adjustment will be noncumulative.[3]

CMS went on to state that alleged errors in the budget neutrality adjustments in FYEs 1999-2007 was not within the scope of the rule-making and even if errors had been made in prior fiscal years, CMS would not make an adjustment for those errors when setting the rates for FFY 2008.[4]

The Providers acknowledge that 42 C.F.R. § 405.1804 precludes administrative and judicial review over budget neutrality adjustments and that similar limitations on administrative and judicial review are also reflected in the statute at 42 U.S.C. § 1395ww(d)(7). The Providers argue, however, that these limitations are not applicable because the budget neutrality provisions at issue were enacted with the BBA of 1997,

---

[2] Id.,
[3] Id. at 47330.
[4] Id.

**3**

Provider Reimbursement Review Board
Page 4 Christopher Keough

CN07-2562G

decades after the enactment of 42 C.F.R. § 405.1804. Because the rural floor budget neutrality provision is not contained or addressed in 42 U.S.C. § 1395ww(e)(1) and has not been codified elsewhere, the Providers reason that preclusion of review of budget neutrality provisions should be limited to fiscal years 1984 and 1985.

Decision of the Board

The Board majority concludes that it lacks jurisdiction over the appeal because review of budget neutrality adjustments is precluded by the statute and regulations. 42 U.S.C. § 1395ww(d)(7); 42 U.S.C.§1395oo(g)(2); 42 C.F.R.§ 405.1804. Since jurisdiction over an appeal is a prerequisite to granting a request for EJR, the Providers' request for EJR is hereby DENIED.

Payment under the prospective payment system is governed by the statutory provisions of 42 U.S.C. § 1395ww. Subsection (d)(7) states that:

> There shall be no administrative or judicial review under [42 U.S.C. § 1395oo] or otherwise of—
>
> (A) the determination of the requirement, or proportional amount of any adjustment effective pursuant to subsection (e)(1) [budget neutrality] or the determination of the applicable percentage increase under paragraph (12)(A)(iii)

The Board's governing statute, 42 U.S.C. § 1395oo(g)(2), states that:

> The determination and other decisions described in section 1395ww(d)(7) shall not be reviewed by the Board or any court pursuant to action brought under section (f) or otherwise.

The regulation at 42 C.F.R. § 405.1804 provides:

> Neither administrative nor judicial review is available for controversies about the following matters:
>
> (a) The determination of the requirement or the proportional amount of any budget neutrality adjustment in the prospective payment rates.
>
> (b) The establishment of—
>
> > (1) Diagnosis related groups (DRGs);

*A*

Provider Reimbursement Review Board
Page 5 Christopher Keough

CN07-2562G

(2) The methodology for the classification
of inpatient discharges within the
DRGs; or

(3) Appropriate weighting factors that reflect the
relative hospital resources used with respect to
discharges within each DRG.

In addition, section 701(a) of the Administrative Procedure Act (APA) states that the
appeal provisions of the APA apply to the administrative actions except where statutes
preclude judicial review. See, 5 U.S.C. § 701(a). In this case, the statutes and the
regulations both preclude administrative and judicial review of the budget neutrality
adjustment.

In Amgen, Inc. v. CMS[5] the D.C. Circuit Court considered whether there is jurisdiction
over outpatient PPS (OPPS) payments where the statute precludes administrative or
judicial review of the "other adjustments" to OPPS (the classification system,
establishment of groups and relative payment weights for covered services, of wage
adjustment factors). The Court explained that there is a strong presumption that Congress
intends judicial review of administrative action which can only be overcome with "clear
and convincing evidence" that Congress intended to preclude appeal. The Court
concluded that where the statute stipulated that "there should be no administrative or
judicial review," that language constituted clear and convincing evidence that appeal was
precluded. The Court further noted that payments made under PPS are done on a
prospective basis and, given the length of time that review of individual appeals could
take, the result would be retroactive adjustments to payment rates with the potential of
creating havoc with the payment system. The aggregate impact of appeal decisions
would undermine the Secretary's ability to ensure budget neutrality.

In an earlier decision, Universal Health Systems v. Sullivan,[6] (UHS) the D. C. District
Court distinguished between an appeal of a Medicare Geographic Classification Review
Board (MGCRB) decision (over which judicial review is precluded) and a challenge to
the validity of the guidelines utilized by the Board and the Secretary to make
reclassification decision. The Court noted that § 701(a) of the APA precludes judicial
review where a statute or regulation denies review. In the UHS case, the Court found that
it had jurisdiction over the challenge to the guidelines but would not have had jurisdiction
over an appeal of an MGCRB decision which was precluded by law.

The Board majority is not persuaded by the Providers' argument that preclusion of
review of budget neutrality provisions is limited to the fiscal years 1984 and 1985. Even
though the rural floor budget neutrality provision was not specifically addressed in the

_____

[5] 357 F. 3d 103 (D.C. Cir. 2004)
[6] 770 F. Supp. 704 (D.C. Dist. 1991)

Provider Reimbursement Review Board
Page 6 Christopher Keough                                CN07-2562G

limits on administrative and judicial review, we find that there is no indication that the statute limited judicial or administrative appeals to the two fiscal periods identified by the Providers. Rather, by enacting the statutes and regulations without alteration, the intent to preclude administrative or judicial appeal of the calculation of the budget neutrality adjustment is clear.

42 U.S.C. § 1395oo(f)(1) and 42 C.F.R. § 405.1842 permit providers to bypass the Board's hearing procedure and obtain judicial review of an issue involving a question of law or regulation where the Board determines that it is without authority to decide such question. Prior to rendering a decision that it lacks the authority to decide the question before it the Board must determine that it has jurisdiction over the appeal under 42 U.S.C. § 1395oo. 42 C.F.R. § 1842(b)(2). Since both the statutes and regulation preclude administrative and judicial review of the budget neutrality adjustment, the Board finds that it lacks jurisdiction over the appeals.

Review of the Board's jurisdictional determination is available under the provisions of 42 U.S.C. § 1395oo(f) and 42 C.F.R. §§ 405.1875 and 405.1877.

Board Members Participating

       Suzanne Cochran, Esq.
       Elaine Crews Powell, CPA
       Yvette C. Hayes
       Michael D. Richards

                     FOR THE BOARD:

                     Suzanne Cochran, Esq.
                     Chairman

Enclosures: 42 U.S.C. § 1395oo(1) and 42 C.F.R. §§ 405.1875 and 405.1877

cc: Christine Blowers, NGS (ME)
     Wilson Leong, BCBSA



**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
**Phone: 410-786-2671                    FAX: 410-786-5298**
Internet: www.cms.hhs.gov/PRRBReview

ne Cochran, Esq., Chairperson
Crews Powell, CPA
Anjali Mulchandani-West, CPA
Yvette C. Hayes
Michael D, Richards, CPA

Refer to:

08-0184G
CERTIFIED MAIL

**NOV 2 8 2007**

Christopher L. Keough, Esq.
Vinson & Elkins
The Willard Office Building
1455 Pennsylvania Avenue, NW
Suite 600
Washington, D.C. 20004-1008

RE: Cape Cod HC 2008 Wage Index/Rural Floor Group, Provider Nos. Various, Federal
Fiscal Year Ending (FFYE) 9/30/2008, PRRB Case No.08-0184G

Dear Mr. Keough:

The Provider Reimbursement Review Board (Board) has reviewed the Providers'
November 6, 2007 request for expedited judicial review in the above-referenced appeal.
The decision of the Board is set forth below. This appeal is based on the October 10,
2007 correction to the August 22, 2007 final inpatient prospective payment system
(IPPS) rule which was published in the Federal Register to rectify prior errors in rates for
sole community and Medicare dependent hospitals. 72 Fed. Reg. 57634 (October 10,
2007).

### Background

Issue Under Dispute

The Providers are challenging the Secretary's calculation and application of the budget
neutrality adjustment to rates for the operating costs under the inpatient prospective
payment system (IPPS). Specifically, the Providers are challenging the budget neutrality
adjustment to the wage index and the cumulative effect of the adjustment to the
standardized amount in previous years that accounts for the effects of the rural floor on
the PPS wage index. The Providers contend that the Centers for Medicare & Medicaid
Services (CMS) erred in calculating a budget neutrality adjustment to the PPS wage
index and in previous years to the standardized amount to account for the effect of the
rural floor on the wage index.

Standardized Amount

The statute, 42 U.S.C. § 1395ww(d)(2)(A), required the establishment of base-year cost
data containing allowable operating costs per discharge of inpatient hospital services for

434

Provider Reimbursement Review Board
Page 2 Christopher Keough

CN08-0184G

each hospital. The base-year cost data were used in the initial development of the standardized amounts for PPS and they were used in computing the Federal rates. The standardized amounts are based on per discharge averages from a base period and are updated in accordance with 42 U.S.C. §1395ww(d). Sections 1395ww(d)(2)(C) and (d)(2)(B)(ii) require that updated base-year per discharge costs be standardized in order to remove the cost data that effects certain sources of variation in costs among hospitals. These include case mix, differences in area wage levels, cost of living adjustments for Alaska and Hawaii, indirect medical education costs, and payments to disproportionate share hospitals. 59 Fed. Reg. 27433, 27765-27766 (May 27, 1994).

Section 1395(d)(3)(E) of the Act requires the Secretary from time-to-time to estimate the proportion of the hospitals' costs that are attributable to wages and wage-related costs. In general, the standardized amount is divided into labor-related and nonlabor-related amounts; only the proportion considered the labor related amount is adjusted by the wage index. Section 1395ww(d)(3)(E) requires that 62% of the standardized amount be adjusted by the wage index unless doing so would result in lower payments to a hospital than would otherwise be made. 71 Fed. Reg. 47870, 48146 (August 18, 2006).

Budget Neutrality

Budget neutrality is determined by comparing aggregate IPPS payments before and after making changes that are required to be budget neutral (i.e., reclassifying and recalibrating diagnostic related groups (DRGs)). Outlier calculations are also included in the simulations. Id. at 48147.

Rural Floor

Section 4410 of the Balanced Budget Act of 1997 (BBA of 1997) established the rural floor by requiring that the wage index of a hospital in any urban area cannot be less than the wage index determined for the State's rural area. Since 1998 CMS has implemented the budget neutrality requirement of this provision by adjusting the standardized amounts. 72 Fed. Reg. 24680, 24787 (May 3, 2007). For FFY 2008 CMS applied the budget neutrality adjustment to the wage index, rather than the standardize amount.[1]

The Providers' Request for EJR

The Providers contend that CMS erred in calculating a budget neutrality adjustment to the PPS standardized amount to account for the effect of the rural floor on the wage index. The result is a systematic understatement of the PPS rates. The Providers allege that the final 2008 PPS rates were understated as the result of (1) a computational error in the calculation of the budget neutrality adjustment for the effects of the rural floor in FFY 2008 itself and (2) as a result of the cumulative effect of the same error in the prior

---

[1] 72 Fed. Reg. 47130, 47329 (August 22, 2007).

Provider Reimbursement Review Board
Page 3 Christopher Keough

CN08-0184G

calculations of budget neutrality adjustments for the effect of the rural floor in prior fiscal years (in which the budget neutrality adjustment was applied to the standardized amount). Instead of achieving the budget neutrality required by law, the PPS payment reductions for FFY 2008 exceed the Secretary's statutory authority, are arbitrary and capricious and otherwise contrary to the law. The Providers are requesting a correction of their PPS rates for FFY 2008 as well as the flow-through effects of a correction to those rates (i.e. payment add-ons for the disproportionate share adjustment, indirect medical education, and any other impacted items), to account for the cumulative effect of past errors that CMS committed in the computation and application of the rural floor budget neutrality adjustment in FFY 2008 and prior years.[2]

The Providers point out that in establishing the PPS rate for FFY 2008 CMS applied the budget neutrality adjustment to the wage index rather than to the standardized amount as it had done in previous years. In the FFY 2008 rule CMS stated that:

> . . . our change applies the budget neutrality adjustment to the wage index, and not to the standardized amount. In previous years we applied a budget neutrality adjustment to the standardized amount to ensure that payments remained constant to payments that would have occurred in the absence of the rural floor requirement in section 4410 of the BBA. . . . We believe that an adjustment to the wage index would result in a substantially similar payment as an adjustment to the standardized amount, as both involve multipliers to the standardized amount and both would be based upon the same modeling parameters.[3]

CMS responded to providers concerns regarding the cumulative effect of the budget neutrality adjustment in the final inpatient PPS rule by stating that:

> the rural floor budget neutrality adjustment previously was a cumulative adjustment, similar to the adjustments we currently make for updates to the wage index and DRG [diagnostic related groups] reclassification and recalibration. Beginning in 2008, the rural floor budget neutrality adjustment will be noncumulative.[4]

CMS went on to state that alleged errors in the budget neutrality adjustments in FYEs 1999-2007 was not within the scope of the rule-making and even if errors had been made

---

[2] Providers' November 6, 2007 Request for EJR
[3] Id.,
[4] Id. at 47330.

Provider Reimbursement Review Board
Page 4 Christopher Keough                                      CN08-0184G

in prior fiscal years, CMS would not make an adjustment for those errors when setting
the rates for FFY 2008.[5]

The Providers challenge the change in methodology as being arbitrary and capricious and
otherwise inconsistent with the dictates of the Administrative Procedures Act. The
Providers contend that the one-time positive adjustment to the standardize amount is
insufficient to restore prior-period adjustments that were taken out of the standardized
amount for the effect of the rural floor, let alone the errors that CMS committed in
computing the rural floor budget neutrality adjustments in prior years.

Decision of the Board

The Board concludes that it lacks jurisdiction over the appeal because review of budget
neutrality adjustments is precluded by the statute and regulations. 42 U.S.C.
§ 1395ww(d)(7); 42 U.S.C.§1395oo(g)(2); 42 C.F.R.§ 405.1804. Since jurisdiction over
an appeal is a prerequisite to granting a request for EJR, the Providers' request for EJR is
hereby DENIED.

Payment under the prospective payment system is governed by the statutory provisions of
42 U.S.C. § 1395ww. Subsection (d)(7) states that:

> There shall be no administrative or judicial review
> under [42 U.S.C. § 1395oo] or otherwise of—
>
> (A) the determination of the requirement, or
>    proportional amount of any adjustment effective
>    pursuant to subsection (e)(1) [budget neutrality]
>    or the determination of the applicable
>    percentage increase under paragraph
>    (12)(A)(iii)

The Board's governing statute, 42 U.S.C. § 1395oo(g)(2), states that:

> The determination and other decisions described in
> section 1395ww(d)(7) shall not be reviewed by the
> Board or any court pursuant to action brought under
> section (f) or otherwise.

The regulation at 42 C.F.R. § 405.1804 provides:

> Neither administrative nor judicial review is available for
> controversies about the following matters:

---

[5] Id.

(a) The determination of the requirement or the
proportional amount of any budget neutrality
adjustment in the prospective payment rates.

(b) The establishment of—

(1) Diagnosis related groups (DRGs);

(2) The methodology for the classification
of inpatient discharges within the
DRGs; or

(3) Appropriate weighting factors that reflect the
relative hospital resources used with respect to
discharges within each DRG.

In addition, section 701(a) of the Administrative Procedure Act (APA) states that the
appeal provisions of the APA apply to the administrative actions except where statutes
preclude judicial review. See, 5 U.S.C. § 701(a). In this case, the statutes and the
regulations both preclude administrative and judicial review of the budget neutrality
adjustment.

In Amgen, Inc. v. CMS[6] the D.C. Circuit Court considered whether there is jurisdiction
over outpatient PPS (OPPS) payments where the statute precludes administrative or
judicial review of the "other adjustments" to OPPS (the classification system,
establishment of groups and relative payment weights for covered services, of wage
adjustment factors). The Court explained that there is a strong presumption that Congress
intends judicial review of administrative action which can only be overcome with "clear
and convincing evidence" that Congress intended to preclude appeal. The Court
concluded that where the statute stipulated that "there should be no administrative or
judicial review," that language constituted clear and convincing evidence that appeal was
precluded. The Court further noted that payments made under PPS are done on a
prospective basis and, given the length of time that review of individual appeals could
take, the result would be retroactive adjustments to payment rates with the potential of
creating havoc with the payment system. The aggregate impact of appeal decisions
would undermine the Secretary's ability to ensure budget neutrality.

In an earlier decision, Universal Health Systems v. Sullivan,[7] (UHS) the D. C. District
Court distinguished between an appeal of a Medicare Geographic Classification Review
Board (MGCRB) decision (over which judicial review is precluded) and a challenge to
the validity of the guidelines utilized by the Board and the Secretary to make
reclassification decision. The Court noted that § 701(a) of the APA precludes judicial

---

[6] 357 F. 3d 103 (D.C. Cir. 2004)
[7] 770 F. Supp. 704 (D.C. Dist. 1991)

Provider Reimbursement Review Board
Page 6 Christopher Keough

CN08-0184G

review where a statute or regulation denies review. In the UHS case, the Court found that it had jurisdiction over the challenge to the guidelines but would not have had jurisdiction over an appeal of an MGCRB decision which was precluded by law.

42 U.S.C. § 1395oo(f)(1) and 42 C.F.R. § 405.1842 permit providers to bypass the Board's hearing procedure and obtain judicial review of an issue involving a question of law or regulation where the Board determines that it is without authority to decide such question. Prior to rendering a decision that it lacks the authority to decide the question before it the Board must determine that it has jurisdiction over the appeal under 42 U.S.C. § 1395oo. 42 C.F.R. § 1842(b)(2). Since both the statutes and regulation preclude administrative and judicial review of the budget neutrality adjustment, the Board finds that it lacks jurisdiction over the appeal and hereby dismisses the case.

Review of the Board's jurisdictional determination is available under the provisions of 42 U.S.C. § 1395oo(f) and 42 C.F.R. §§ 405.1875 and 405.1877.

Board Members Participating

 Suzanne Cochran, Esq.
 Elaine Crews Powell, CPA
 Anjali Mulchandani-West, CPA
 Yvette C. Hayes
 Michael D. Richards, CPA

         FOR THE BOARD:

         Suzanne Cochran, Esq.
         Chairman

Enclosures: 42 U.S.C. § 1395oo(1) and 42 C.F.R. §§ 405.1875 and 405.1877

cc: Christine Blowers, NGS (ME)
  Wilson Leong, BCBSA

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CAPE COD HOSPITAL, et al.,     )
                                 )
          Plaintiffs,     )
                                 )
         v.           )        Civil No. 07-1883 (RCL)
                                 )
MICHAEL O. LEAVITT, Secretary of    )        **ECF**
    Health and Human Services,     )
                                 )
         Defendant.     )
                                 )

## <u>ORDER</u>

Upon consideration of Defendant's Motion to Dismiss and Remand, any opposition thereto, and the entire record herein, it is this ____ day of _____, 2008,

ORDERED that Defendant's motion be, and hereby is, GRANTED; and it is

FURTHER ORDERED that the Provider Reimbursement Review Board's ("PRRB") decisions in the following cases are hereby vacated: case numbers 07-0705G and 07-0729G dated August 24, 2007, case number 07-2562G dated September 12, 2007, and case number 08-0184G dated November 28, 2007; and it is

FURTHER ORDERED that this matter is remanded to the Secretary for reconsideration of Plaintiffs' above named PRRB appeals without application of 42 C.F.R. § 405.1804(a) to preclude review of those appeals.

 

_____
ROYCE C. LAMBERTH
United States District Judge

Copy to:      ECF counsel