## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CAPE COD HOSPITAL, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 07-1883 (RCL) |
| | ) | |
| MICHAEL O. LEAVITT, Secretary of | ) | **ECF** |
| Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND REMAND AND DEFENDANT'S MOTION TO STAY PROCEEDINGS ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

Plaintiffs in this case are hospitals that participate in the Medicare program. They

challenge three separate decisions by the Provider Reimbursement Review Board ("PRRB" or

"the Board"), an adjudicatory body within the Department of Health and Human Services

("HHS"), denying jurisdiction over four appeals filed with the PRRB contesting the amount of

Medicare reimbursement determined to be due to Plaintiffs. The substance of Plaintiffs' appeals

involved a challenge to certain policies regarding the so-called rural floor budget neutrality

adjustment to the wage index component of the Medicare prospective payment rates that

determined Medicare payments to Plaintiffs for the costs of furnishing inpatient hospital services

to Medicare beneficiaries. Because the PRRB never reached the merits of Plaintiffs' appeals, but

instead dismissed them for lack of jurisdiction, those merits are not before this Court at this time.

Rather, the only decisions subject to review by this Court at this time are the PRRB's

jurisdictional decisions dismissing Plaintiffs' appeals.

Defendant, the Secretary of HHS, has now concluded that the PRRB's jurisdictional

decisions are erroneous, and he does not intend to defend them in this Court.  Accordingly, on

January 28, 2008, Defendant moved this Court to remand this matter to him for further

proceedings.  Defendant showed that the only appropriate course of action is remand now that

there is no issue as to the propriety of the PRRB's jurisdictional decisions.  Because Defendant

never reached the merits of Plaintiffs' appeals when considering those appeals administratively,

the Court must remand this case for him to have an opportunity to do so.  The Court may not

itself reach those merits before Defendant has either rendered a final reviewable decision as to

the merits or had the opportunity to determine that he lacks authority to render such a decision

pursuant to the Medicare statute's so-called "expedited judicial review" ("EJR") provisions.

Plaintiffs take a different view.  In response to Defendant's motion to dismiss and

remand, Plaintiffs have filed a motion for summary judgment and a lengthy supporting

memorandum urging the Court to reach the merits of their administrative appeals and rule in

their favor on their substantive claims.  Only a small portion of Plaintiffs' memorandum is

devoted to opposing Defendant's motion to dismiss and remand.  As explained below, that

opposition is unavailing, and the Court should grant Defendant's motion and remand this matter

to him for further proceedings.

## ARGUMENT

1.  Plaintiffs contend that the PRRB issued a final decision granting EJR by determining

that it lacked authority to decide the legal questions before it, or, alternatively, that the PRRB

failed to act on Plaintiffs' EJR requests within the statutory time limit, either of which would

allow the Court to assert jurisdiction over the merits of this case.  Pls.' Mem. Supp. Pls.' Mot.

Sum. J. & Opp. Def.'s Mot. Dis. ("Pls.' Mem.") at 33-39.  These contentions are incorrect.

It is true that Plaintiffs requested EJR from the PRRB on the ground that the PRRB lacked authority to decide the legal questions at issue in their appeals, as provided for by the Medicare statue and implementing regulations.  <u>See</u> 42 U.S.C. § 1395oo(f)(1); 42 C.F.R. § 405.1842.  But the PRRB never made a determination as to whether it lacked authority to decide the legal issues presented, <u>see</u> 42 C.F.R. § 405.1842(a), (f), (g)(1), because it instead made the antecedent decision that it lacked jurisdiction over Plaintiffs' appeals.  <u>See, e.g.</u>, the PRRB's decision in Case Nos. 07-0705G, 07-0729G (Aug. 24, 2007), Ex. 1 to Def.'s Mot. Dis. & Rem. at 3 ("The Board majority finds that it lacks jurisdiction over the appeal[s] . . . ."), 6 ("Review of the Board's jurisdictional decision is available . . . .").  Perhaps most significantly, the Board also explicitly stated that

> 42 U.S.C. § 1395oo(f)(1) and 42 C.F.R. § 405.1842 permit providers
> to bypass the Board's hearing procedure and obtain judicial review
> of an issue involving a question of law or regulation where the Board
> determines that it is without authority to decide such question.  Prior to
> rendering a decision that it lacks the authority to decide the question
> before it the Board must determine that is has jurisdiction over the
> appeal under 42 U.S.C. § 1395oo and 42 C.F.R. § 405.1842(b)(2).
> Since both the statutes and regulation preclude administrative and
> judicial review of the budget neutrality adjustment, the Board finds that
> it lacks jurisdiction over the appeals.

<u>Id.</u> at 5.  As a result, despite the Board's inartful statement at one point in its decisions that "the Providers' request for EJR is hereby DENIED," <u>see id.</u> at 3, it is clear that the Board did not decide that it lacked authority over the question presented by Plaintiffs' appeals, as Plaintiffs contend, but rather found that it lacked jurisdiction to take any action in the matter, including to decide whether or not it lacked authority over the legal questions presented.  Because the PRRB found that it lacked jurisdiction, the 30-day time limit for it to act on Plaintiffs' EJR requests never began to run.  <u>See</u> 42 C.F.R. § 405.1842(b)(3).

In deciding questions of its own jurisdiction prior to deciding whether it lacked authority over the legal questions presented, the Board acted properly.  The Secretary's regulations specifically state that, in adjudicating a request for EJR, the Board must determine whether the provider is "entitled to a hearing" before the Board, that is, whether the Board has jurisdiction over the provider's appeal, before it can consider whether it lacks authority to decide the legal questions presented.  42 C.F.R. § 405.1842(b)(2); see also 42 C.F.R. §§ 405.1841, 405.1842(b)(3).  Caselaw specifically recognizes the propriety of such a procedure.  See Tuscon Med. Ctr. v. Sullivan, 947 F.2d 971, 980 (D.C. Cir. 1991) (the PRRB has authority to grant expedited review only after it first determines that it has jurisdiction to offer the provider a hearing on its appeal); San Francisco Gen. Hosp. v. Shalala, No. 00-0595, 2000 WL 1721082, at *4 (N.D. Cal. Oct. 2, 2000) (the PRRB "must have jurisdiction over the provider's appeal before it can rule on the provider's request for EJR"); Alexandria Hosp. v. Bowen, 631 F. Supp. 1237, 1245 (W.D. Va. 1986) ("[A] jurisdictional determination of the hospitals' appeal was necessary before the PRRB could .  .  . evaluate their EJR request.").[1]

2.  Although Plaintiffs suggest that the Secretary's regulations providing that the PRRB will establish its jurisdiction before determining whether it lacks authority to decide a legal question presented to it are contrary to the statute, see Pls.' Mem. at 38-42, Plaintiffs present no

---

[1] Contrary to Plaintiffs' contention that these decisions are not on point, see Pls.' Mem. at 39-40, Defendant submits that they all recognize that the PRRB is required to determine its own jurisdiction before it determines whether it has authority to decide an issue presented to it. While Plaintiffs fault Defendant for reading too much into statements in these cases regarding issues that allegedly were not in dispute, Plaintiffs do just that when they suggest that the Court of Appeals' silence concerning jurisdictional issues in Adm'rs of Tulane Educ. Fund v. Shalala, 987 F.2d 790 (D.C. Cir. 1993), signals acceptance of the district court's conclusions.  See Pls.' Mem. at 33 n.21.

persuasive authority in support of this contention. Indeed, it would be remarkable to conclude

that an adjudicatory body such as the PRRB did not have at least the power, if not the obligation,

to assure itself that matters brought before it fell within its statutorily defined jurisdiction. All

courts and tribunals of limited jurisdiction, including the PRRB and federal courts created under

Article III of the Constitution, have a similar obligation, as Plaintiffs recognize. See Pls.' Mem.

at 33 n.21. The contours of the PRRB's jurisdiction are enumerated in 42 U.S.C.§ 1395oo(a),

and both the Board and the Secretary have explicit authority to promulgate rules, regulations and

procedures necessary or appropriate to carry out the purposes of that provision. See 42 U.S.C.§

1395oo(e). Such rules, regulations and procedures surely include those designed to assure the

that the PRRB establishes its own jurisdiction before it acts on any appeal brought to it.

Plaintiffs' suggestion that such rules and procedures must "yield" simply because a provider has

requested EJR, see Pls.' Mem. at 41, has no basis in law or logic.

      Plaintiffs' specific argument that the Secretary's regulation stating that the 30-day time

period for the PRRB to make an EJR determination does not begin to run until the PRRB

satisfies itself that is has jurisdiction over the provider's appeal is contrary to the statute, see

Pls.' Mem. at 37, is also incorrect. In fact, that regulation, found at 42 C.F.R. § 405.1842(b)(3),

finds direct support in the text of the statute. The statute states that "[i]f a provider of services

may obtain a hearing under subsection (a) [of 42 U.S.C. § 1395oo] and has filed a request for

such a hearing, such provider may file a request for a determination by the Board of its authority

to decide the question of law or regulations relevant to the matter in controversy . . . ." 42

U.S.C. 1395oo(f)(1) (emphasis added). Thus, a provider does not have an absolute right to a

decision on an EJR request within 30 days. It only gains that right if it is a provider that meets

all the  requirements for Board jurisdiction contained in 42 U.S.C. § 1395oo and is thus entitled to "obtain a hearing" before the Board.  So it is entirely proper and consistent with the statute that the Secretary's regulations authorize the PRRB to first assure itself of its own jurisdiction before deciding whether it lacks authority to decide a legal issue presented to it.

The case on which Plaintiffs rely extensively in their attack on the Secretary's EJR regulations, Methodist Hosps. of Memphis v. Sullivan, 799 F. Supp 1210 (D.D.C 1992) (Pratt, J.), is inapposite.  In that case, the PRRB actually made a determination regarding its authority to deiced a legal question presented to it within 30 days of the provider's request for EJR. Methodist Hosps. of Memphis, 799 F. Supp at 1213, 1215.  Nevertheless, this Court concluded that the PRRB had not determined that it had authority to decide the validity of the regulation at issue, that the PRRB had therefore failed to act within the required 30 days, and, in turn, that the Court had subject matter jurisdiction over the merits of the case.  Id. at 1215-16.  Putting aside the question whether this conclusion was correct (and Defendant does not believe it was), it is beyond dispute that Methodist Hosps. of Memphis did not involve a situation where the Board determined that it did not have jurisdiction over the provider's appeal and thus where the 30 days for it to determine if it lacked authority to decide an issue never began to run.

Defendant here is not asking for a "second bite of the apple," as Plaintiffs claim, see Pls.' Mem. at 34, but rather a first one: because the PRRB decided the case on jurisdictional grounds and never made a determination of its authority to decide the legal questions presented in Plaintiffs' appeals, it should have that opportunity on remand.  The concern expressed by Plaintiffs that the PRRB could put a "perpetual hold" on the processing of an appeal if it is permitted to determine its jurisdiction before it addresses its authority to decide the legal

questions presented, see Pls.' Mem. at 37, is illusory.  As an initial matter, Plaintiffs cite no case

where this has even allegedly happened.  And if it did happen, the provider would presumably

have a due process or mandamus claim available to compel action that had been unreasonably

delayed.

      Plaintiffs also object to the delay that would inhere in a remand to the agency for further

proceedings.  See Pls.' Mem. at 42-45.  While Congress's objective in enacting the EJR

provisions was without doubt to remove unnecessary delays caused by requiring providers to

adhere to the Board's full hearing procedures in cases in which the Board lacked authority to

decide the question presented, that certainly does not mean that other litigation-related delays

might not be inevitable in some cases.  Defendant showed in his motion to dismiss and remand

that where, as here, the PRRB decided a case on a single issue, and where that issue is no longer

in dispute before the reviewing court, the only proper course is remand so that the agency can

consider all relevant questions in the case that it did not pass on previously.  That some delay

will be involved in such a remand might be viewed as unfortunate, but is unavoidable.  At any

rate, any such delay should not be substantial.  If in fact Plaintiffs are correct that their appeals

qualify for EJR, the PRRB should be able to expeditiously reach that conclusion on remand now

that the PRRB's perceived jurisdictional impediment has been removed.[2/]  If Plaintiffs had not

chosen to oppose Defendant's motion to remand, the PRRB might even have made that

---

[2/] Plaintiffs' impertinent assertions that Defendant's motivation in moving for remand is the
continuation of "delay tactics," and that the reasons Defendant adduced for such a remand are
"hokum," see Pls.' Mem. at 43, 44, deserve little attention.  Defendant suggested remand for one
reason and one reason only: the law requires it where, as here, the only issues left in dispute have
not yet been decided by the agency.

determination by now.  Plaintiffs' litigation tactics have caused as much of the delay surrounding Defendant's proposed remand as has the unavoidable need to rectify the PRRB's erroneous decisions.

3.  For the foregoing reasons, and for those contained in Defendant's motion to dismiss and remand, this Court should remand this case to the agency for further proceedings.  As noted above, Plaintiffs have filed a motion for summary judgment, but Defendant submits that the Court should not and cannot reach that motion because the merits of the case are not properly before the Court at this time.  The PRRB neither rendered a final decision on the merits nor had the opportunity to determine that it lacked authority to decide the merits questions, either of which is a prerequisite to the Court assuming subject matter jurisdiction over the substance of this case.  Moreover, further proceedings on Plaintiffs' motion for summary judgment are not possible until the agency compiles and submits the administrative record concerning Plaintiffs' substantive challenge.  The Court's review of the reimbursement policies that Plaintiffs challenge must be conducted solely on the record that was before the agency at the time it made the challenged decisions.  Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 420 (1971); Walter O. Boswell Mem'l Hosp. v. Heckler, 749 F.2d 788, 792 (D.C. Cir. 1984).

For all these reasons, Plaintiffs' motion for summary judgment is premature at this time. As a result, Defendant respectfully moves that the Court stay further proceedings on Plaintiffs' motion for summary judgment until such time as the Court rules on Defendant's motion to dismiss and remand.  If the Court denies the motion to dismiss and remand, Defendant respectfully requests that the Court order the parties to meet and confer regarding a schedule for the filing of the relevant administrative record and briefing on Plaintiffs' motion for summary

judgment and any cross motion by Defendant.[3/]  A proposed order is attached.

## CONCLUSION

Defendant respectfully requests that his motion to dismiss and remand be granted.

Respectfully submitted,

    /s/
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

    /s/
CHRISTOPHER HARWOOD
Assistant United States Attorney
N.Y. Reg. No. 4202982
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 307-0372

    /s/
LAWRENCE J. HARDER
Supervisory Trial Attorney
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
Room C2-05-23
7500 Security Boulevard
Baltimore, Maryland 21244-1850
(410) 786-8080

---

[3/] Counsel for Plaintiffs indicates that Plaintiffs oppose Defendant's motion to stay further proceedings on Plaintiffs' motion for summary judgment.

9

<u>OF COUNSEL</u>:

JAMES C. STANSEL
General Counsel

JANICE L. HOFFMAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General
  Counsel for Litigation

United States Department of
Health and Human Services