UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPE COD HOSPITAL, *et al.*,        )<br>                                                       )<br>            Plaintiffs,              )<br>     v.                                        )    Civil No. 07-1883 (RCL)<br>                                                       )<br>MICHAEL O. LEAVITT, SECRETARY  )<br>United States Department of Health and Human Services,  )<br>                                                       )<br>            Defendant.                )<br>                                                       ) | |

**PLAINTIFFS' REQUEST FOR HEARING ON DEFENDANT'S MOTION TO DISMISS AND REMAND AND OPPOSITION TO DEFENDANT'S MOTION TO STAY BRIEFING**

Plaintiff Hospitals hereby respond to Defendant's Motion to Stay Proceedings on Plaintiffs' Motion for Summary Judgment and request a prompt hearing on Defendant's Motion to Dismiss and Remand. In support of this request, Plaintiffs respectfully state as follows:

1. Plaintiffs have shown in the memorandum and exhibits supporting their motion for summary judgment [Doc. 16] that, for a decade, the Secretary has performed his "rural floor" budget neutrality adjustment in a manner squarely at odds with the Medicare statute. His chosen method for 1998 through 2007 is not budget neutral at all, as the statute requires, but instead has systematically eroded payments to Medicare hospitals. What is more, rather than correcting years' worth of prior errors, the Secretary's 2008 changes to the method of calculating the adjustment cement them in place for 2008 and all future years.

2. Plaintiffs challenge the legality of the Secretary's 2007 and 2008 rules implementing his rural floor budget neutrality adjustment. It is undisputed that the

Secretary's administrative tribunal, the Provider Reimbursement Review Board, has no authority to adjudicate such a challenge; rather, the Board must accept and apply the Secretary's rules as they are written. The Secretary nonetheless is at pains to remand this case to a Board that can do nothing with it and that, as the Secretary now concedes, has already tried once to dismiss the case on improper grounds. The Secretary's insistence on remand is a procedural charade that betrays his true purpose – to delay the reckoning that awaits his plainly unlawful rules in this Court. And now, consistent with that purpose to delay, the Secretary asks the Court to take up his remand arguments without even requiring him to state his position either on the Board's authority to decide the question presented or on the merits. Meanwhile, hospitals that only recently learned that the Secretary has been underpaying them all these years must wait for redress until the Secretary has exhausted all procedural delays at his disposal, even as the Secretary's unlawful budget neutrality adjustments continue to harm the hospitals in the current year and on into the future.

   3.  For these reasons, Plaintiffs oppose the imposition of any lengthy stay in this matter. If the Court is inclined to address the Secretary's remand motion before requiring the Secretary to respond to Plaintiffs' motion for summary judgment, Plaintiffs respectfully request that they be heard in opposition to the Secretary's motion at the first opportunity available on the Court's hearing calendar. If the outcome is as Plaintiffs believe it must be, this case will remain before this Court, where it belongs, and Plaintiffs will then confer promptly with the Secretary (at the hearing, if the Court wishes) in a good faith effort to agree upon a suitable schedule for the remaining briefing on Plaintiffs' motion.

3

Respectfully submitted,

/s/ Christopher L. Keough

Christopher L. Keough
 DC Bar No. 436567
Stephanie A. Webster
 DC Bar No. 479524
John M. Faust
 DC Bar No. 433553
VINSON & ELKINS L.L.P.
1455 Pennsylvania Avenue, N.W.
Suite 600
Washington, D.C.  20004-1008
(202) 639-6500 (phone)
(202) 639-6604 (fax)

Counsel for Plaintiffs

Dated: February 20, 2008

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on this 20th day of February, 2008, I electronically filed the foregoing PLAINTIFFS' REQUEST FOR HEARING ON DEFENDANT'S MOTION TO DISMISS AND REMAND AND OPPOSITION TO DEFENDANT'S MOTION TO STAY BRIEFING with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record for the Defendant.

                                              /s/ Christopher L. Keough
                                              Attorney for Plaintiffs