UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAPE COD HOSPITAL,** *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No.: 07-1883 (RCL) |
| ) | |
| v. ) | |
| ) | |
| **MICHAEL O. LEAVITT, SECRETARY** ) | |
| **United States Department of Health and** ) | |
| **Human Services,** ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on defendant's Motion [15] to Dismiss and Remand, plaintiffs' Motion [16] for Summary Judgment, and defendant's Motion [19] to Stay Proceedings on plaintiffs' motion. Upon full consideration of the motions, the opposition and reply briefs, the entire record herein, and applicable law, defendant's motion [15] will be GRANTED for the reasons set forth below, rendering plaintiffs' motion [16] and defendant's motion [19] moot.

**I.     BACKGROUND**

Plaintiff hospitals come before this Court seeking injunctive and declaratory relief in an action for review of rates for inpatient hospital services for federal fiscal years 2007 and 2008 paid under the Medicare prospective payment system ("PPS") by defendant, the Secretary of the U.S. Department of Health & Human Services. (Compl. ¶ 1.) The Medicare statute requires that adjustments be made to payment rates in order to ensure budget neutrality between urban and rural hospitals. (*Id.*) Congress established a "rural floor" to redistribute Medicare payments among hospitals but required that it have a budget neutral effect so "that the aggregate payments

made . . . are not greater or less than those which would have been made" absent the rural floor. (Compl. ¶ 3); *See* Balanced Budget Act of 1997, § 4410(b), Pub. L. No. 105-33 ("BBA"), 42 U.S.C. § 1395ww note.  In other words, Congress intended to "adjust the relative size of each hospital's 'slice' of the reimbursement 'pie' . . . without changing the size of the pie itself." (Compl. ¶ 3.)

Plaintiffs, challenging defendant's method of calculating the budget neutrality adjustment, appealed defendant's determinations of Medicare payment rates for federal fiscal years 2007 and 2008 to the Secretary's Provider Reimbursement Review Board ("PRRB" or "Board").  (*Id*. ¶¶ 5, 7, 10.)  Both times, plaintiffs asked the Board to determine that it lacks authority to decide the legality of defendant's implementation of the rural floor budget adjustments.  (*Id*. ¶ 10.)  Instead, the Board concluded that the applicable statute and implementing regulations preclude review, Board or judicial, of defendant relating to budget neutrality calculations, thereby disclaiming jurisdiction and avoiding the merits of plaintiffs' appeals entirely.  (*Id.*)

Defendant now concedes that the Board's determinations were erroneous and asks that the Court dismiss and remand the case to PRRB so the Board may conduct administrative proceedings on the merits.  (Def.'s Mot. to Dismiss and Remand ¶ 2.)  Plaintiffs countered by filing a cross-motion for summary judgment, asserting that this Court has jurisdiction under the expedited judicial review ("EJR") provisions of the Medicare Act to consider the merits of plaintiffs' claims.  (Compl. ¶ 11); *See* 42 U.S.C. § 1395oo(f)(1).  Defendant then filed a motion to stay proceedings on plaintiffs' motion for summary judgment pending this Court's decision on defendant's motion to dismiss and remand.

## II. DISCUSSION

### A. Legal Standard

#### 1. Motion to Dismiss

Defendant moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Federal courts are courts of limited jurisdiction. When a party files a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), "the plaintiffs bear the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *Biton v. Palestinian Interim Self-Gov't Auth.*, 310 F. Supp. 2d 172, 176 (D.D.C. 2004); *see McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) (indicating that plaintiffs have the burden of establishing jurisdiction). A court considering a motion to dismiss for lack of jurisdiction must construe plaintiffs' complaint in plaintiffs' favor, accepting all inferences that can be derived from the facts alleged. *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). Additionally, when assessing a motion to dismiss under Rule 12(b)(1), a court may also consider any undisputed facts in the record, or "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992).

#### 2. Medicare Statutory Exhaustion Requirements

"Federal subject matter jurisdiction over claims arising under the Medicare Act is permitted only upon the completion of the administrative process outlined in that statute and its implementing regulations." *Three Lower Counties Cmty. Health Servs. v. U.S. Dept. of Health*

*& Human Servs.*, 517 F. Supp. 2d 431, 435 (D.D.C. 2007) (citing 42 U.S.C. § 405(g), (h)).

Indeed, this Circuit has stated:

> "No action against the United States, the [Secretary of Health and Human Services], or any officer or employee thereof shall be brought under 28 U.S.C. § 1331 . . . to recover on any claim arising under" the Medicare Act. 42 U.S.C. §§ 405(h), 1395ii. Judicial review may be had only after the claim has been presented to the Secretary and administrative remedies have been exhausted. *See* 42 U.S.C. §§ 405(g), (h), 1395w-22(g)(5); *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 8–9 (2000). This bar against § 1331 actions applies to all claims that have their "standing and substantive basis" in the Medicare Act.

*Am. Chiropractic Ass'n v. Leavitt*, 431 F.3d 812, 86 (D.C. Cir. 2005) (citations omitted); *see also Weinberger v. Salfi*, 422 U.S. 749, 765 (1975) (stating that "[e]xhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have the opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review"). Even if the administrative process is time-consuming, it must be followed as long as it is available. *See Three Lower Counties*, 517 F. Supp. 2d at 435 (citing *Ill. Council*, 529 U.S. at 20, 22–23).

When providers of services wish to challenge a final determination of their fiscal intermediary, they generally have a right to appeal the determination to the PRRB. *See* 42 U.S.C. § 1395oo(a); 42 C.F.R. § 405.1835(a). Following a PRRB decision, providers may then have access to judicial review according to the jurisdictional guidelines established by Congress. *See* 42 U.S.C. § 1395oo(f). The relevant portion of this statute provides that a decision by the PRRB becomes final for purposes of seeking judicial review unless "within 60 days after the provider of services is notified of the Board's decision, [the Secretary] reverses, affirms, or modifies the Board's decision." *Id.* § 1395oo(f)(1).

4

### B.    Plaintiffs Have Not Exhausted Their Administrative Remedies

This Court finds, for the reasons set forth below, that plaintiffs have not exhausted administrative remedies as required by the Medicare Act, and that the Court is without subject matter jurisdiction to evaluate the merits of plaintiff's claims at this time.

Plaintiffs have a right to obtain judicial review of any final decision by the Board. *Id.* In this case, the Board's decisions regarding jurisdiction are final according to the statute. *Id.* Although defendant now concedes that the PRRB was mistaken, he did not reverse or modify the decisions within the prescribed 60-day period. *Id.* Even so, defendant asserts that the merits are not properly before the Court at this time because the Board "neither rendered a final decision on the merits nor had the opportunity to determine that it lacked authority to decide the merits questions, either of which is a prerequisite to the Court assuming subject matter jurisdiction over the substance of the case." (Def.'s Reply ¶ 3.)  As such, defendant believes that the scope of this Court's review cannot "extend beyond the Board's conclusion that it lack[s] jurisdiction." *Saline Cmty. Hosp. Ass'n v. Sec'y, HHS*, 744 F.2d 517, 520 (6th Circ. 1984).

Plaintiffs argue that the Court may assume jurisdiction over the merits of this case because PRRB failed to act on plaintiffs' requests for EJR within 30 days, the time period set forth in 42 C.F.R. § 405.1842(b)(1).  (Compl. ¶ 120.)  However, 42 C.F.R. § 405.1842(b)(3) clearly states that the 30 day period within which the PRRB must act on an EJR request does not start to run "until such time as the [PRRB] accepts jurisdiction of the case." (Def's Mot. to Dismiss and Remand ¶ 8); *Tucson Med. Ctr. v. Sullivan*, 947 F.2d 971, 980 (D.C. Cir. 1991) ("PRRB has authority to grant expedited review only after it first determines that the provider is

5

entitled to a hearing[.]"). Plaintiffs then counter that 42 C.F.R. § 405.1842(b)(3) is inconsistent with the Medicare Act § 1395oo(f)(1), which states that hospitals "have the right to obtain judicial review . . . whenever the Board determines . . . that it is without authority to decide the question." 42 U.S.C. § 1395oo(f)(1).

This Court is satisfied that the regulations promulgated by defendant do not conflict with the plain language of the Medicare Act. Though plaintiffs believe that "authority to decide the question" and "jurisdiction to take any legal action in the matter" are one and the same, this is simply not the case. (Pl.'s Mot. for Summ. J. at 28; Def.'s Reply at 3.) The former asks whether the PRRB has authority to reach the merits of plaintiffs' claims, whereas the latter asks whether plaintiffs "may obtain a hearing" at all. 42 U.S.C. § 1395oo(f)(1); *see also* 43 C.F.R. § 405.1842(b)(3). This distinction is important as only one of these requires that the Board reach the underlying merits, and in this case, the Board did not. Defendant concedes that the Board came to the wrong conclusion with regard to the jurisdictional question. The Court is satisfied that in order for plaintiffs to exhaust their administrative remedies, the Board must be afforded an opportunity to consider the merits of plaintiffs' claims before the substantive issues may be properly before this Court.

Plaintiffs' argument that defendant's motion to dismiss and remand is a mere attempt by defendant to indefinitely delay proceedings warrants little attention. (Pls.' Mot. for Summ. J. at 42.) Though Congress implemented the EJR provision to avoid unnecessary delays, those necessary to and inherent in the legal process are often unavoidable. The proper procedures must be followed, and filing premature motions in an improper venue does little to mitigate the problem.

**III.    <u>CONCLUSION</u>**

For the reasons set forth above, defendant's motion to dismiss and remand will be GRANTED because plaintiffs have not exhausted administrative remedies, thus leaving the Court without subject matter jurisdiction to consider their substantive cause of action. Accordingly, plaintiffs' motion for summary judgment and defendant's motion to stay proceedings will be DENIED as moot.

Signed by Chief Judge Royce C. Lamberth on July 21, 2008.